FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 19 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ARSEN SARGSYAN,

                Plaintiff,

-against-

UNITED STATES OF AMERICA,

                Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-CV-1076 (CBA) (LB)

**AMON, United States District Judge:**

On March 3, 2016, plaintiff Arsen Sargsyan, proceeding pro se, filed this complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680, and seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's request to proceed in forma pauperis is granted for the sake of this Order only. Because the Court determines that it lacks subject matter jurisdiction over this action, however, the complaint is dismissed.

## BACKGROUND

Plaintiff alleges that on May 29, 2015, he mailed a package containing a cellular telephone to Sochi, Russia, from the Kensington Station of the United States Postal Service ("USPS"). (See D.E. # 1, "Compl.," ¶¶ 1–6.) Plaintiff alleges that per the instructions of the USPS representative, he completed a customs declaration form for the package and requested insurance. (Id. ¶ 7.) Plaintiff paid $24.75 and was given a receipt. (Id. ¶ 10–11.) However, the package never arrived at its destination. (See id. ¶ 13.) Plaintiff further alleges that he has been unsuccessful in seeking assistance from the Kensington Station and has inquired "about [his] shipment about 30 to 40 times." (Id. ¶ 18.) In September 2015, he filed an administrative claim using federal form SF 95, but alleges that he has not received a response to that claim to date. (Id. ¶ 21.)

2

## STANDARD OF REVIEW

When considering a request to proceed in forma pauperis, the Court conducts an initial review of the pleadings and must dismiss the case if it determines that the allegations are frivolous or malicious, fail to state a claim, or seek damages from an immune defendant. 28 U.S.C. § 1915(e)(2). A court must construe a pro se litigant's pleadings liberally and interpret them to raise the strongest arguments they fairly suggest. Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). However, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Indeed, federal courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Although courts will grant leave to amend where a pro se pleading "gives any indication that a valid claim might be stated," Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), "leave to amend a complaint may be denied when amendment would be futile," Tocker v. Philip Morris Cos., 470 F.3d 481, 491 (2d Cir. 2006), such as when there is no basis for the Court's jurisdiction, see, e.g., Bennett v. New York City Hous. Auth., 248 F.Supp.2d 166, 172 (E.D.N.Y. 2002) (dismissing complaint for lack of subject matter jurisdiction and denying leave to amend because any amendment would be futile).

## DISCUSSION

The United States has sovereign immunity from suit and can only be sued with its consent and under whatever terms Congress may impose. United States v. Sherwood, 312 U.S. 584 (1941). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq., waives the government's sovereign immunity in limited circumstances by authorizing suits against the United States to recover for torts committed by federal employees in the scope of their

3

employment. See Adeleke v. United States, 355 F.3d 144, 153 (2d Cir. 2004) (describing FTCA). However, under the FTCA the United States excepts certain kinds of tort suits from its waiver of sovereign immunity—among them, "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); see generally Dolan v. USPS, 546 U.S. 481, 485 (2006) (discussing this so-called "postal-matter exception" to the United States' waiver of sovereign immunity in tort suits under the FTCA).

Plaintiff's complaint falls within this exception to the United States' waiver of sovereign immunity. He claims damages arising out of the loss of other postal matter, namely the cellphone he mailed to his grandmother. Because the United States has not waived sovereign immunity with respect to such a claim, the Court lacks jurisdiction to review its merits. See, e.g., Dolan, 546 U.S. at 489 (immunity is retained "for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address"); Gildor v. USPS, 179 F. App'x 756, 758 (2d Cir. 2006) (affirming dismissal of tort claims alleging negligence on the part of the Postal Service in misdelivering a package); Brown v. eBay, No. 14-CV-2803, 2014 WL 7342898, at *2 (E.D.N.Y. Dec. 23, 2014) (dismissing claim that Postal Service failed to deliver a package for lack of subject matter jurisdiction); Kuhner v. Montauk Post Office, No. 12-CV-2318, 2013 WL1343653, at *3 (E.D.N.Y. Apr. 4, 2013) (same).

## CONCLUSION

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. Since this Court lacks subject matter jurisdiction over plaintiff's claim, any amendment to the complaint would be futile and leave to amend is therefore denied. See Tocker, 470 F.3d at 491; Bennett, 248 F.Supp.2d at 172.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: May 18, 2016
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge